# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LATASHA R. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. **2:16-cv-978-MHT** |
| | ) |
| DEIDRA WRIGHT, Warden, | ) |
| | ) |
| Respondent. | ) |

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW Respondent, pursuant to this Court's January 4, 2017, order (Doc. 5), and answers the petition for writ of habeas corpus by a state prisoner (Doc. 1-1), in accordance with Rule 5 of the Rules Governing § 2254 Cases in the District Courts. Respondent answers as follows:

1. Respondent admits that Williams is a prisoner in the custody of the Alabama Department of Corrections, serving a judicially-imposed sentence of life in prison without the possibility of parole.

2. Respondent admits that Deidra Wright is the acting warden of the Tutwiler Correctional Facility, the state official responsible for the custody of Petitioner.

3. Respondent admits that Williams was convicted of murder in the Circuit Court of Lafayette County, Alabama, on May 2, 2007, and was sentenced to

life in prison without the possibility of parole. Both a clerk's record and a reporter's transcript of trial were prepared for appellate purposes. This record of trial is attached to Respondent's answer. (Ex. A.)

3. Respondent admits that Williams filed a timely appeal of her conviction to the Alabama Court of Criminal Appeals. Her opening brief in the Alabama Court of Criminal Appeals was filed on October 29, 2007. (Ex. B.) The State's brief was submitted to the court on December 17. (Ex. C.) Her conviction and sentence were affirmed by that court on February 2, 2008. (Ex. D.) Thereafter, Williams filed an application for rehearing on March 3. (Ex. E.) The court overruled Williams application for rehearing on March 7. (Ex. F.)

4. On March 11, 2008, Williams filed her petition for writ of certiorari in the Alabama Supreme Court. (Ex. G.) On December 12, the Court denied the writ and issued the certificate of judgment. (Ex. H.) The Court of Criminal Appeals issued its certificate of judgment on December 16. (Ex. I.)

5. On December 29, 2008, Williams filed a petition for post-conviction relief pursuant to Rule 32.1, *et seq.* of the Alabama Rules of Criminal Procedure.[1]

---

[1] Undersigned counsel has been unable to obtain a copy of this document. Efforts to obtain it through the District Attorney and the Circuit Clerk have been unfruitful. It appears that Williams' Request to Proceed In Forma Pauperis was scanned in place of her Rule 32 petition. Because this information was obtained over the telephone, undersigned counsel has written a formal request for this document to the Chambers County Circuit Clerk on order to obtain written verification that this document cannot be located by representatives of the State of Alabama. A copy of Ms.

2

The State answered the petition on January 7, 2010. On January 6, 2011, the circuit court dismissed the petition. (Ex. K.) Williams did not appeal.

**Response to Ground I of the Petition**

6. Williams' first ground for relief alleges that her trial counsel provided ineffective assistance of counsel because they failed to object to an erroneous presumptive instruction given by the trial court at the start of trial. This ground for relief is due to be dismissed as it is unexhausted, procedurally barred, and time-barred. Further, this ground for relief is also without merit.

7. Williams had ninety days from December 12, 2008, to seek certiorari review in the United States Supreme Court. Sup. Ct. R. 13. Williams did not seek certiorari review, choosing instead to proceed immediately in the circuit court under Rule 32 of the Alabama Rules of Criminal Procedure. Because her request to proceed in forma pauperis in the Rule 32 trial court was executed on December 17, 2008, the statute of limitation governing habeas petitions contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") never began to run during the time between Williams' direct appeal and her state court collateral attack on her conviction and sentence. When Williams' Rule 32 petition was denied on January 6, 2011, state law provided her forty-two days to seek review in the Alabama Court of

---

Williams IFP request is attached to this response as Exhibit J, because it bears the date of December 17, 2008, a reasonable date to construe the filing of her Rule 32 petition pursuant to the mailbox rule. (Ex. J.)

3

Criminal Appeals. Ala. R. App. P. 4(b); *see also* Ala. R. Crim. P. 32.10. The last day for seeking such review was Tuesday, February 17, 2009. Accordingly, the one-year AEDPA statute of limitation began to run on February 18, 2009, when Williams failed to appeal.

8. Williams' petition for writ of habeas corpus was placed in the mailbox at her correctional facility on December 16, 2016. (Doc. 1 17.) Two thousand fifty-eight days elapsed between the denial of Williams' Rule 32 petition and the filing of the instant action. This equates to a period of seven years, nine months, and twenty-eight days. Accordingly, Williams' petition is time-barred under the statute of limitations governing AEDPA review of state court decisions. 28 U.S.C. § 2244(d) (West 2017).

9. Until Respondent is able to determine whether a copy of Williams' Rule 32 petition is available from the Circuit Court of Chambers County, it is impossible to know whether Williams attempted to exhaust her claims in the circuit court. Because she did not appeal, however, this Court can easily determine that any such claims were not "properly presented" to the state courts for purposes of exhausting the claims for federal review. *See* 28 U.S.C. § 2254(b) (West 2017); *see also O'Sullivan v. Boerckal*, 526 U.S. 838, 845 (1999) ("…we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

4

process."). Because any attempt by Williams to return to State court to complete a full round of appeals would be futile, this Court "can forego the needless 'judicial ping-pong'" and treat this claim as procedurally barred under state law. *Snowden v. Singleton*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

10. Williams' petition fails to establish that she is entitled to relief on the merits under the AEDPA. Although she cites *Strickland v. Washington*, 466 U.S. 668 (1984), in support of her ineffective assistance of counsel claim, she fails to cite to any clearly established federal law substantiating that a misstatement by the court during preliminary instructions, that was harmless when read in the context of the instructions as a whole, is prejudicial or that an objection would be required by counsel under prevailing norms.

11. The trial court's statement, in context, was

> Foremost, you must remember that this defendant comes before you cloaked with the presumption of innocence. She is presumed innocent, and the idea of her innocence is evidence in this trial and even goes to the jury room with you for you to consider at the end of the case.
>
> Now, how will we progress in this case? First, the State of Alabama has the burden of proof or responsibility to prove certain things in order to convince you that this defendant is guilty as charged. The defendant must prove all the elements of the crime to a certain degree of proof. The level of proof falls only within your mind. They must prove the elements beyond a reasonable doubt.

> *Since the State has the burden of proof, they will have the opportunity to address you first in the opening statements and lastly in the closing statements. The defendant has no burden at all in this case.*

(Ex. A; R. 207 (emphasis added).)  In context, it is clear the trial court was properly instructing the jury on the State's burden of proof and the presumption of innocence that cloaked Williams. No objection was required by Williams' counsel and no prejudice was suffered by Williams. The lack of prejudice is even more apparent when one considers the trial court's correct statements pertaining to the presumption of innocence and burden of proof during the jury's charge. (Ex. A; R. 568-70.)

12. An AEDPA merits review is not possible—notwithstanding Williams failure to exhaust her claims and the AEDPA time bar applicable to her petition—because Williams has not identified a state court decision for this Court to review. Accordingly, Williams cannot establish that a state court decision was contrary to or an unreasonable application of clearly established federal law, or that it otherwise was based upon an unreasonable application of the facts. 28 U.S.C. § 2254(d).

**<u>Response to Ground II of the Petition</u>**

13. Williams second ground for relief alleges ineffective assistance of counsel, predicated on the factual allegation that expert witnesses Rick Rouse and Steven Hysell were prevented from offering testimony at Williams' trial because her trial counsel failed to comply with a pre-trial order. (Doc. 1-1 9.) This ground for

relief is time-barred, unexhausted and procedurally barred, and completely without merit.

14.    As noted in paragraphs 7 and 8, above, Williams' petition was filed well beyond the expiration of the AEDPA statute of limitations. This time-bar warrants dismissal of the petition.

15.    Without her Rule 32 petition, it is impossible to know whether Williams attempted to exhaust this claim in the circuit court. Because she did not appeal the denial of Rule 32 relief, however, this Court can easily determine that this claim was not "properly presented" to the state courts for purposes of exhausting the claim for federal review. *See* 28 U.S.C. § 2254(b) (West 2017); *see also O'Sullivan*, 526 U.S. at 845 ("…we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Because any attempt by Williams to return to State court to complete a full round of appeals would be futile, this Court "can forego the needless 'judicial ping-pong'" and treat this claim as procedurally barred under state law. *Snowden*, 135 F.3d at 736 (citing *Coleman*, 501 U.S. at 735 n.1).

16.    The Alabama Court of Criminal Appeals reviewed the propriety of the trial court's exclusion of expert witness Rouse during Williams' direct appeal. Rouse was not excluded due to a violation of a pre-trial order. Rather, Rouse was excluded

because "[b]ased on the evidence presented to the trial court, Rouse's testimony was not relevant." (Ex. D 17.) This was based on a plain and reasonable reading of the trial court's ruling in the reporter's transcript of trial. (Ex. A 516-18.) Because Rouse was not excluded due to noncompliance with a pretrial order, Williams' IAC claim is without merit or support in the record. This would be sufficient to deny Williams petition. *See* 28 U.S.C. 2254(b)(2) (West 2017).

17. Similarly, the record reflects that expert witness Hysell was not excluded due to counsel's failure to comply with a pretrial order. The trial court indicated that Rouse, Hysell, and ABI Agent Angel Rodrequez were each excluded because their testimony was not relevant to this issues in Williams' case. (Ex. A 517-18.) This determination was made after Williams testified in her own defense and after the trial court heard testimony from Hysell and Rouse outside the presence of the jury. Because these witnesses were not excluded based on noncompliance with a pretrial order, Williams petition is without factual merit. In fact, page 430 of the reporter's transcript reveals that Hysell was noticed as an expert and the trial court ordered the murder weapon produced for testing and inspection by the witness. (Ex. A C. 97; R. 430.) Under § 2254(b)(2), this Court could deny this claim on the merits, notwithstanding the time-bar and procedural bar applicable to this claim.

18. Finally, the exclusion of Hysell's testimony did not prejudice Williams. As established during testimony outside of the presence of the jury, Hysell's

testimony was consistent with the State's evidence. Mr. Hysell's testing revealed that the trigger pull of the murder weapon was in excess of ten pounds per square inch. (Ex. A 436-37.) Later testimony by Hysell established that the trigger pull was in excess of eight pounds, with Hysell being uncertain of the actual amount. (Ex. A 440-41.) As noted by the trial court, this testimony was consistent with the testimony of the State's witnesses. (Ex. A 441.) Even if this Court assumed deficient performance on the part of counsel, the exclusion of Hysell did not prejudice Williams. Again, this claim is without merit.

## CONCLUSION

Based on the foregoing, Williams petition is due to be denied as being time-barred under the AEDPA statute of limitation, procedurally barred due to lack of exhaustion of state remedies, and for completely lacking merit.

Respectfully submitted,

Luther Strange
*Alabama Attorney General*
BY—


*s/ James R. Houts*
James R. Houts (ASB-1321-T77J)
*Deputy Attorney General*


## CERTIFICATE OF SERVICE

9

I hereby certify that on January 23, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and on the petitioner by placing a copy of the same in the United States Mail, first-class postage prepaid, and addressed as follows:

Latasha Williams, AIS 252293
Tutwiler Correctional Facility
8966 U.S. Highway 231 North
Wetumpka, AL 36092

> *s/ James R. Houts*
> James R. Houts
> *Deputy Attorney General*

ADDRESS OF COUNSEL:

Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL  36130
Office (334) 353-1513
Fax (334) 353-3637
jhouts@ago.state.al.us