IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LATASHA RENEA WILLIAMS, # 252293, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv978-MHT |
| ) | [WO] |
| DEIDRA WRIGHT, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Latasha Renea Williams on December 16, 2016. Doc. 1.[1]  Williams challenges her capital-murder conviction and sentence of life without parole entered by the Chambers County Circuit Court in May 2007.  She presents claims that the trial court (1) erred in overruling her motion to suppress evidence; (2) erred in its ruling of admissibility of the physical evidence; (3) erred in its rulings on the admissibility of certain testimony; (4) erred in sustaining several objections by the prosecution; (5) erred in its ruling not to require the presence of her subpoenaed hostile witness; and (6) erred in its rulings on the relevancy of testimony by defense witnesses.  Doc. 1-1 at 1–2.  She also presents claims of ineffective assistance of trial and appellate counsel.  *Id*. at 2–12.  The

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

respondents argue that Williams's petition is time-barred by the one-year federal limitation period. *See* 28 U.S.C. § 2244(d). Doc. 9 at 3-4. The court agrees with the respondents and finds that Williams's petition should be denied without an evidentiary hearing.

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B. **Williams's State Court Proceedings**

On May 2, 2007, a Chambers County jury found Williams guilty of capital murder, in violation of § 13A-5-40(a)(17) (murder by a deadly weapon used upon a victim inside a vehicle). Doc. 9-1 at 108. Following the adjudication of guilt, the trial court sentenced Williams to life imprisonment without parole. *Id*. at 109.

Williams appealed, raising claims that the trial court (1) erred in denying her motion to suppress her statement to law enforcement and (2) erred when it neither declared a mistrial nor granted a continuance due to the absence of a defense witness. Doc. 9-4. On February 2, 2008, the Alabama Court of Criminal Appeals affirmed Williams's conviction and sentence by memorandum opinion. Doc. 12-1. That court overruled Williams's application for rehearing on March 7, 2008. Docs. 9-7 & 9-8. Williams filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on December 12, 2008; a certificate of judgment was issued that same date. Docs. 9-9 to 9-11.

On or around December 17, 2008, Williams filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. 9-12; *also* Docket of Chambers County Circuit Court Case No. CC-06-53.60 (available via AlacourtACCESS, https://v2.alacourt.com/).[2] On December 11, 2009, while her *pro se* Rule 32 petition was pending in the trial court, Williams, through counsel, filed a Rule 32 petition raising claims of ineffective assistance of trial and appellate counsel.

---

[2] Respondents note that a copy of Williams's *pro se* Rule 32 petition is not available through the clerk of the Chambers County Circuit Court. Only a copy of the application for *in forma pauperis* ("IFP") status in the Rule 32 proceeding is available through AlacourtACCESS. That IFP application was filed on December 17, 2008, and this court will use December 17, 2008, as the filing date of Williams's *pro se* Rule 32 petition.

3

*See* Docket of Chambers County Circuit Court Case No. CC-06-53.61 (available via AlacourtACCESS). On January 6, 2011, the trial court entered orders denying both Williams's *pro se* Rule 32 petition and Williams's counseled Rule 32 petition, finding that the claims in the petitions were meritless. *See* Doc. 9-13; *also* Docket of Chambers County Circuit Court Case No. CC-06-53.61.[3] Williams did not appeal from the trial court's denial of Rule 32 relief.

Williams filed another *pro se* Rule 32 petition on or around December 5, 2011. *See* Docket of Chambers County Circuit Court Case No. CC-06-53.62 (available via AlacourtACCESS).[4] That petition was denied by the trial court on February 6, 2013. *Id.* Williams did not appeal.

C.  **Analysis of Timeliness of Williams's § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). The AEDPA's one-year limitation period "allows a prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006); *see also Bond v. Moore*, 309 F.3d 770, 774

---

[3] Although unclear from the record, it appears that the trial court may have treated Williams's counseled Rule 32 petition as an amendment to her *pro se* petition, even though the petitions were assigned different case numbers. The orders denying the petitions were nearly identical and were entered on the same date. If the counseled petition was not treated as an amendment to Williams's *pro se* petition, the counseled petition (which did not contain any jurisdictional claims) would have been time-barred under the one-year limitation period in Rule 32.2(c) of the Alabama Rules of Criminal Procedure and would also have been subject to dismissal under Rule 32.2(b) as a successive petition. *See* Ala.R.Crim.P. 32.2(b) & 32.2(c).

[4] Only a copy of the application for IFP status in the proceeding is available through AlacourtACCESS.

(11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court.")   After Williams sought and was denied certiorari review on direct review in the Alabama Supreme Court, the certificate of judgment in the direct-review proceedings was entered on December 12, 2008.  On that date, Williams had 90 days to seek certiorari review in the United States Supreme Court.  *See* Sup. Ct. R. 13 ("Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of the judgment.").  However, on or around December 17, 2008, before expiration of the 90-period for Williams to file a petition for writ of certiorari in the United States Supreme, Williams filed her first *pro se* Rule 32 petition in the trial court, tolling AEDPA's limitation period 28 U.S.C. § 2244(d)(2).  While that *pro se* Rule 32 petition was pending, Williams filed a counseled Rule 32 petition on December 11, 2009.

   Because the federal clock is tolled under § 2244(d)(2) while a Rule 32 petition is pending in the state courts, AEDPA's limitation period did not begin to run for Williams until the conclusion of the state proceedings on Williams's Rule 32 petition(s).  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section").  On January 6, 2011, the trial court entered orders denying both the *pro se* and counseled Rule 32 petitions filed by Williams.  Williams did not appeal from the trial court's orders

5

denying Rule 32 relief, although she had 42 days to do so.  *See* Ala. R. App. P. 4(b); also Ala.R.Crim.P. 32.10.  For purposes of AEDPA, then, the state court proceedings related to Williams's *pro se* and counseled Rule 32 petitions concluded on February 17, 2011—42 days after the trial court's denial of the petitions.  On that date, Williams's conviction became final for federal habeas purposes and AEDPA's one-year limitation period began to run.  *See* 28 U.S.C. § 2244(d)(1)(A).

As noted above, Williams filed a second *pro se* Rule 32 petition on or around December 5, 2011, presumptively tolling AEDPA's limitation period again under § 2244(d)(2).[5]  Between February 17, 2011 (the date of conclusion of the initial Rule 32 proceedings), and December 5, 2011, AEDPA's limitation period ran for 291 days, leaving Williams 74 days on AEDPA's one-year clock.  Williams's second *pro se* petition was denied on February 6, 2013.  Williams did not appeal from that judgment.  For purposes of AEDPA review, the state court proceedings on the second *pro se* petition concluded on March 20, 2013—42 days after the February 6, 2013 denial of the petition.  Thereafter,

---

[5] The claims raised in Williams's second *pro se* Rule 32 petition and the basis for the trial court's denial of that petition are not apparent from the record.  A Rule 32 petition that is time-barred under the one-year limitation period in Rule 32.2(c) is not a "properly filed" state post-conviction petition for tolling purposes under § 2244(d)(2).  *Turner v. Boyd*, 2010 WL 3724359, at *9 (M.D. Ala.), report and recommendation adopted, 2010 WL 3724030 (M.D. Ala. 2010); *Lightfoot v. Carter*, 2018 WL 3800250, at *4 (N.D. Ala.), report and recommendation adopted sub nom. *Lightfoot v. Cater*, 2018 WL 3795236 (N.D. Ala. 2018).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414–17 (2005).  Although Williams would have been time-barred under Rule 32.2(c) from presenting anything other than actual jurisdictional claims in her petition filed on December 5, 2011, this court will assume, for the sake of argument, that the petition was a "properly filed" post-conviction petition for tolling purposes under § 2244(d)(2) and for purposes of calculating the limitation period in this case.

AEDPA's limitation period ran unabated for the 74 days remaining on the one-year clock before expiring on June 3, 2013, the first business day after June 2, 2013.[6]

Williams filed this § 2254 petition on December 16, 2016—over three years after expiration of the limitation period in § 2244(d)(1)(A).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Williams by affording a different triggering date such that AEDPA's limitation period commenced on some date later than February 17, 2011, or (counting tolling under § 2244(d)(2)) expired on some date later than June 3, 2013. There is no evidence that an unlawful state action impeded Williams from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Williams submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Williams also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

For the reasons discussed above, the court finds that Williams untimely filed her § 2254 petition after expiration of AEDPA's one-year limitation period.

**D.      Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable

---

[6] June 2, 2013, fell on a Sunday.

with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Williams contends that equitable tolling should apply to excuse the untimely filing of her § 2254 petition because she did not know about AEDPA's limitation period and her counsel in the state court proceedings did not inform her of AEDPA's limitation period. Doc. 19 at 1. However, a habeas petitioner's lack of legal training or a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013); *Felder v. Johnson,* 204 F.3d 168, 171–73 (5th Cir. 2000). Williams alleged ignorance of AEDPA's limitation is not an "extraordinary circumstance" supporting a claim for equitable tolling.

Williams also suggests that the limited resources at the law library where she was incarcerated underlay her untimely filing of her § 2254 petition. Doc. 19 at 1. However, cursory assertions, like Williams's, regarding the inadequacy of a prison law library are insufficient to warrant equitable tolling of the statute of limitations. *See Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal expertise not enough on its own to warrant equitable tolling); *Chaffer v. Prosper*, 592 F.3d

8

1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

      Williams also asserts that her difficulty in obtaining discovery material and trial transcripts from her former counsel in her state court proceedings prevented her from filing a timely § 2254 petition. Doc. 1 at 1–3. Williams's cursory assertions here fail to establish the documents in question were necessary for her to draft and file her § 2254 petition, or how her difficulties in obtaining the documents hindered her from filing a timely § 2254 petition.[7] Williams participated in the proceedings from which her habeas claims arise. She had either actual or constructive knowledge of the factual basis for her habeas claims and could have presented her claims in a timely filed § 2254 petition without access to the documents. *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to filing a federal habeas petition). Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Leroy v. Giles*, 2014 WL 3652311, at *6 (M.D. Ala. 2014). *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation

---

[7] Williams also provides no details—including dates—about any of her efforts to obtain the documents in question from her former counsel.

to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition). Despite the lack of these documents, Williams could have filed a federal habeas action with this court prior to expiration of the one-year period of limitation. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002) (court properly denied equitable tolling to petitioner based on deprivation of legal materials where petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials"). Accordingly, Williams fails to demonstrate an extraordinary circumstance that prevented her from filing a timely habeas petition. *See Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan,* 276 F.3d at 93 (delay in obtaining transcript not a basis for equitable tolling of one-year limitation). Williams is not entitled to equitable tolling based on her alleged difficulty in obtaining documents from her former counsel.

Under the circumstances discussed above, AEDPA's limitation period expired on June 3, 2013. Williams filed her § 2254 petition on December 16, 2016, and she has demonstrated no entitlement to equitable tolling. Therefore, her petition is subject to dismissal for untimeliness and her claims are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **February 13, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 30th day of January, 2019.

    /s/   Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISRATE JUDGE